IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUGUST BYRON KREIS, IV,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-3686 |
| | : | |
| **OFFICER THOMAS SMITH,** | : | |
| Defendant. | : | |

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**  **NOVEMBER 12, 2024**

Plaintiff August Byron Kreis, IV, who is currently incarcerated at the Northampton County Jail ("NCJ"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his rights arising from a traffic stop. Currently before the Court are Kreis's Complaint ("Compl." (ECF No. 2)) and his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). Kreis asserts claims against Bethlehem Township Police Officer Thomas Smith. (Compl. at 2.) For the following reasons, the Court will grant Kreis leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Kreis will be granted leave to file an amended complaint.

**I.    FACTUAL ALLEGATIONS**[1]

Kreis's allegations are brief. He alleges that the events giving rise to his claims occurred on July 27, 2024 just before midnight. (Compl. at 3.) He alleges that he was driving on William Penn Highway near its intersection with Church Road and was following a sedan that stopped suddenly when police lights appeared in the distance, bringing Kreis's vehicle closer to the

---

[1] The factual allegations set forth in this Memorandum are taken from Kreis's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system.

sedan.  He alleges that, as he drove past numerous police vehicles, all of the officers turned to look at him.  (*Id*.)  Defendant Smith, driving a marked SUV, allegedly followed Kreis, pulled him over, and issued him three traffic citations.  (*Id*.)  In the course of the traffic stop, Smith allegedly remarked, "weren't you just at the courthouse?"  (*Id*.)  Kreis also alleges that unidentified Bethlehem Township police officers have previously stated in court that they are familiar with him from prior interactions.  (*Id*.)

Kreis alleges that he is currently challenging the traffic citations in county court.  (*Id*.)  He asserts that Smith's conduct amounts to intimidation, targeted harassment, and political repression in violation of his First and Fourteenth Amendment rights.  (*Id*. at 2, 4.)  He claims to have experienced emotional distress as a result of the incident described, for which he required mental healthcare including therapy.  (*Id*. at 5.)  He seeks money damages.  (*Id*.)

## II.    STANDARD OF REVIEW

The Court will grant Kreis leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . .

contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Kreis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

Kreis asserts claims based on alleged violations of his constitutional rights to freedom of speech and equal protection. (Compl. at 2.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

With respect to Kreis's claim that Smith violated his First Amendment right to freedom of speech, "[t]o analyze whether a police officer has violated an individual's First Amendment right to free speech, pursuant to § 1983, the Court conducts a three-part inquiry: (1) 'whether the First Amendment protects the speech at issue'; (2) the 'nature of the forum'; and (3) 'whether the [government's] justifications for exclusion from the relevant forum satisfy the requisite standard.'" *Grant v. City of Philadelphia*, 637 F. Supp. 3d 247, 267 (E.D. Pa. 2022), *aff'd*, No. 22-3200, 2024 WL 1328312 (3d Cir. Mar. 28, 2024), *cert. denied sub nom. Grant v. Philadelphia, PA*, No. 24-243, 2024 WL 4486398 (U.S. Oct. 15, 2024) (quoting *Turco v. City of Englewood*, 935 F.3d 155, 161-62 (3d Cir. 2019)) (granting summary judgment on qualified immunity grounds to police officers who were alleged to have violated plaintiff's First

Amendment right to free speech when they removed him from a public Christmas shopping venue where he was dressed as Jesus and speaking to the crowd about his religious beliefs). Because Kreis's claim is conclusory and undeveloped, the Court cannot meaningfully evaluate it. For example, Kreis has not identified the speech that was allegedly impinged by Smith's conduct and does not describe how Smith's conduct interfered with his right to free speech. However, because the Court cannot state with certainty that Kreis can never state a plausible First Amendment claim, he will be granted leave to amend.

Regarding Kreis's equal protection claim, "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Cntr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "A plaintiff stating a claim under the Equal Protection Clause must allege that he has been treated differently because of his membership in a suspect class or his exercise of a fundamental right, or that he has been treated differently from similarly-situated others and that this differential treatment was not rationally related to a legitimate state interest." *Young v. New Sewickley Twp.*, 160 F. App'x. 263, 266 (3d Cir. 2005) (citing *City of Cleburne*, 473 U.S. at 439.) "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted). Additionally, to state a race-based equal protection claim, a plaintiff must allege that defendants were motivated by racial animus. *W.B. v. Matula*, 67 F.3d 484, 503 (3d Cir. 1995) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir. 1986)).

As with his First Amendment claim, Kreis's Equal Protection claim is conclusory and undeveloped. In particular, he does not allege that he is a member of a suspect class, or that he was treated differently from other similarly situated individuals because of his membership in a protected class or his exercise of a fundamental right, particularly because his First Amendment claim is not plausible as pled. Absent these allegations, his claim is not plausible. Because the Court cannot state with certainty that Kreis can never state a plausible Equal Protection claim, he will be granted leave to amend this claim as well.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Kreis leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Kreis will be granted leave to file an amended complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order follows.

BY THE COURT:

/s/ Jeffrey L. Schmehl
JEFFREY L. SCHMEHL, J.
