IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUGUST BYRON KREIS, IV, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-3686 |
| : | |
| OFFICER THOMAS SMITH, : | |
|     Defendant. : | |

**MEMORANDUM**

**SCHMEHL, J.**                                                                                                  **MARCH 19, 2025**

Currently before the Court is an Amended Complaint ("AC" (ECF No. 20)) filed *pro se* by Plaintiff August Byron Kreis, IV, who is currently incarcerated at the Northampton County Jail ("NCJ"). The AC, filed pursuant to 42 U.S.C. § 1983, asserts that Defendant, Bethlehem Township Police Officer Thomas Smith, violated Kreis's constitutional rights by initiating a traffic stop and issuing traffic citations. (*Id*.) For the following reasons, Kreis's First Amendment retaliation claim and his Fourteenth Amendment equal protection claim will be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

**I.      PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS**[1]

The gravamen of Kreis's original Complaint was that Officer Smith violated his First Amendment right to free speech and his Fourteenth Amendment right to equal protection when

---

[1] The factual allegations set forth in this Memorandum are taken from Kreis's AC (ECF No. 20). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Kreis's pleadings will be corrected for clarity. Additionally, the Court includes facts reflected in publicly available dockets, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

he initiated a traffic stop and issued Kreis three traffic citations. *Kreis v. Smith*, 24-3686, 2024 WL 4756905, at *1 (E.D. Pa. Nov. 12, 2024). Upon statutory screening, the Court determined that Kreis's claims were not adequately developed and therefore not plausible and dismissed the Complaint without prejudice for failure to state a claim. *Id*. at *3. Kreis was granted leave to file an amended complaint. (*Id*.) The AC is ripe for screening.

In his AC, Kreis alleges that on July 27, 2024, he was driving on William Penn Highway near Church Road when the sedan in front of him suddenly slowed down, prompting Kreis to brake to avoid a collision. (AC at 4, 8.) He, along with the vehicles ahead of him, proceeded to slowly pass a number of Bethlehem Township Police vehicles surrounding a white sedan stopped in the road. (*Id*. at 8.) Kreis alleges that, while passing the police vehicles, he commented to his girlfriend, with whom he was speaking at the time using a Bluetooth connection, "[t]hat is because the cops in the Lehigh Valley do nothing about improper and aggressive drivers." (*Id*.) He alleges that his windows and sunroof were open while he was talking to his girlfriend, and that when he made the comment, all of the police officers turned to watch him drive past. (*Id*. at 7, 8.)

Kreis alleges that immediately after he passed the police officers, Officer Smith followed him in a marked police vehicle and initiated a traffic stop. (*Id*. at 9.) He asserts that Smith initiated the stop because of his comment about Lehigh Valley police officers. (*Id*.) During the traffic stop, Smith allegedly commented, "weren't you just at the courthouse?" (*Id*. at 10.) Kreis avers that he was at the Northampton County District Court for a hearing on two traffic citations earlier that day. (*Id*.) He alleges that while in the parking lot, he observed Smith in his patrol vehicle staring at him and his Jeep, on which Kreis had placed stickers referencing constitutional rights, such as "We the People." (*Id*.) Kreis alleges that Smith appeared disgusted by the

2

messages in the stickers, and that he viewed Kreis and his vehicle negatively. (*Id*.) Kreis asserts that the messages in the stickers and Smith's negative reaction to them also contributed to Smith's decision to initiate the traffic stop, during which Smith issued him three traffic citations, one of which was for "following too closely." (*Id*. at 10, 11.)

Kreis claims that Smith subjected him to targeted harassment, political repression, and selective enforcement because of Kreis's exercise of his right of free speech. (*Id*.) He asserts violations of his First and Fourteenth Amendment rights. (*Id*. at 3.) He claims that because of Smith's conduct, he has experienced emotional distress for which he has sought therapy. (*Id*. at 5.) He seeks money damages. (*Id*.)

The publicly available docket in *Commonwealth v. Kreis*, No. MJ-3203-TR-992-2024 (C.P. Northampton) reflects that on July 27, 2024, Officer Thomas A. Smith of the Bethlehem Township Police Department issued Kreis a traffic citation for driving an unregistered vehicle. (*Id*.) The docket further reflects that on October 15, 2024, Kreis pled guilty to the offense. (*Id*.) The publicly available docket in *Commonwealth v. Kreis*, No. MJ-3203-TR-993-2024 (C.P. Northampton) reflects that on the same date, Officer Smith issued Kreis a traffic citation for following too closely. (*Id*.) Kreis pled guilty to this offense, too, on October 15, 2024. [2] (*Id*.)

## II.  STANDARD OF REVIEW

The Court has already granted Kreis leave to proceed *in forma pauperis*, and accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

---

[2] The court could not locate a public record of the alleged third citation. The court notes that Kreis is currently serving a term of imprisonment of three to twenty-three months arising from an unrelated conviction. *See Commonwealth v. Kreis*, CP-48-CR-2535-2024 (C.P. Northampton).

3

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v.* Hollingsworth, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As Kreis is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

In his AC, Kreis again asserts violations of his First and Fourteenth Amendment rights. (*Id*. at 3.)  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A. First Amendment Retaliatory Arrest Claim

The Court understands Kreis to be asserting a retaliatory arrest.  (AC at 10 ("The only reason I was pulled over is because he heard the comment and didn't like it."))  He contends that

Smith violated his right to free speech by initiating a traffic stop and issuing him three citations in retaliation for Kreis displaying bumper stickers reflecting political messages on his Jeep and voicing derogatory comments about the Lehigh Valley police.  (Id.)  The claim, however, cannot proceed because it is barred by *Heck*, 512 U.S. 477.

The First Amendment "prohibits government officials from subjecting an individual to retaliatory action, including criminal prosecution, for speaking out.  *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (citation omitted).  This protection includes "a significant amount of verbal criticism and challenge directed at police officers."  *Houston v. Hill*, 482 U.S. 451, 461 (1987).  In order to state a claim for retaliation, a plaintiff must allege: "that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation."  *George v. Rehiel*, 738 F.3d 562, 585 (3d Cir. 2013).  Where the alleged retaliation results in arrest[3] and prosecution, the plaintiff must also show the absence of probable cause for the prosecution.  *Walker v. Clearfield Cnty. Dist. Atty.*, 413 F. App'x. 481, 483 (3d Cir. 2011).  Kreis has plausibly alleged that Smith's initiation of the traffic stop and issuance of citations was in retaliation for derogatory comments Kreis made about Lehigh Valley police officers.  However, his retaliatory arrest claim cannot proceed because a claim that calls into question the validity of a litigant's conviction is barred by *Heck*.  *See Moore v. Allison*, No. 19-0231, 2020 WL 3574668 at *3 (W.D. Pa. July 1, 2020) (motion to dismiss granted and plaintiff's First Amendment retaliation claim arising from traffic stop, *inter*

---

[3] "A traffic stop is a 'seizure' within the meaning of the Fourth Amendment, 'even though the purpose of the stop is limited and the resulting detention quite brief.'"  *United States v. Delfin-Colina*, 464 F.3d 392, 396 (3d Cir. 2006) (quoting *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)).

*alia*, dismissed as barred by *Heck* where plaintiff pled guilty to several charges stemming from the traffic stop).

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Heck*, 512 U.S. at 486-87 (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck* 512 U.S. at 487.

The publicly available docket reflects that Kreis pled guilty to two of the citations issued by Smith.  *See Commonwealth v. Kreis*, No. MJ-3203-TR-992-2024 (C.P. Northampton) and *Commonwealth v. Kreis*, No. MJ-3203-TR-993-2024 (C.P. Northampton).  These convictions have not been appealed or otherwise challenged.  (*Id*.)  The guilty pleas entered by Kreis constitute convictions for purposes of *Heck*.  *See Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir.

2016) ("Curry entered a nolo contendere plea for the charges brought by Yachera, and under Pennsylvania law, that plea must be treated the same as a conviction under Heck"); *Gilles v. Davis*, 427 F.3d 197, 209 n.8 (3d Cir. 2005) ("[U]nder *Heck,* both a guilty plea and an ARD are sufficient to bar a subsequent § 1983 claim."). Since success on Kreis's claim would necessarily imply the invalidity of his convictions on the charges based on the traffic citations, his claim is not cognizable. *See Johnson v. Town of Charlestown by & through Wilcox*, No. 23-338, 2024 WL 1329788, at *5 (D.R.I. Mar. 28, 2024) ("Thus, like his false arrest and false imprisonment claim, his retaliatory arrest claim is barred by *Heck* because a finding that officers did not have probable cause to arrest Johnson would necessarily imply that the resulting conviction is invalid.") citing *Nieves v. Bartlett*, 587 U.S. 391, 393 (2019). This claim will be dismissed without prejudice for failure to state a claim. However, Kreis will not be permitted to amend this claim at this time. Rather, he may file a new civil action to reassert this claim if his underlying convictions are ever reversed, vacated, or otherwise invalidated.

### B.    Fourteenth Amendment Claim

Kreis asserts that his Fourteenth Amendment rights have been violated, and claims that, by initiating the July 2024 traffic stop and issuing him three traffic citations, Defendant Smith engaged in "selective enforcement" of the law. (AC at 3, 10-11.) The Court understands Kreis to be asserting an equal protection claim as he did in his original Complaint. This claim, like his First Amendment retaliation claim, is barred by *Heck*.

The Court previously provided guidance for stating a plausible equal protection claim. Specifically, the Court explained that "[a] plaintiff stating a claim under the Equal Protection Clause must allege that he has been treated differently because of his membership in a suspect class or his exercise of a fundamental right, or that he has been treated differently from similarly-

7

situated others and that this differential treatment was not rationally related to a legitimate state interest." *Young v. New Sewickley Twp.*, 160 F. App'x. 263, 266 (3d Cir. 2005) (citing *City of Cleburne*, 473 U.S. at 439.)

Kreis's original equal protection claim was not plausible because he did not allege that he was a member of a protected class, or that he was treated differently from other similarly situated individuals, and because the First Amendment claim asserted in his original Complaint was not plausible as pled. *Kreis*, 2024 WL 4756905, at *2 (citations omitted). Kreis reasserts the claim in the AC based on alleged infringement of a fundamental right – here, political expression and freedom of speech – and the claim is thus derivative of the underlying *Heck*-barred claim. Because as with the underlying First Amendment claim, success on Kreis's equal protection/fundamental right claim would necessarily imply the invalidity of his convictions on the charges based on the traffic citations, his claim is not cognizable. This claim will also be dismissed without prejudice for failure to state a claim, with no amendment permitted at this time. Rather, Kreis may file a new civil action to reassert this claim if his underlying convictions are ever reversed, vacated, or otherwise invalidated.

**IV.   CONCLUSION**

For the foregoing reasons, Kreis's First Amendment retaliation claim and his Fourteenth Amendment equal protection claim will be dismissed without prejudice pursuant to *Heck*, 512 U.S. 477. However, Kreis will not be permitted to amend these claims at this time. Rather, he

may file a new civil action to reassert these claims if his underlying convictions are ever reversed, vacated, or otherwise invalidated.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
Jeffrey L. Schmehl, J.